**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-64

UNITED STATES TAX COURT

NANETTE JEAN MARTARANO AND DAVID ANGELO MARTARANO,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22008-12S.                    Filed July 10, 2014.

Nanette Jean Martarano and David Angelo Martarano, pro sese.

Carlton King, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $5,126 and $5,338 in petitioners' 2009 and 2010 Federal income tax, respectively, and accuracy-related penalties under section 6662(a) of $1,025.20 and $1,067.60 for 2009 and 2010, respectively.

The issues[1] for decision are: (1) whether Nanette Jean Martarano (petitioner) was engaged in passive real estate activities with respect to two rental properties in 2009 and 2010; (2) whether petitioner is entitled to expense deductions for 2010 claimed on Schedule C, Profit or Loss From Business; (3) whether petitioners are entitled to the claimed unreimbursed employee business expense deductions for 2010; and (4) whether petitioners are liable for the accuracy-related penalties under section 6662(a) for the years in issue.

---

[1]Respondent's adjustments to the educational credit and the self-employment tax are computational and will be resolved by the Court's determination on other issues.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and the supplemental stipulation of facts by this reference. At the time the petition was filed, petitioners resided in Massachusetts.

Petitioners owned two rental properties during the years in issue. The properties were on Vigeant Street (Vigeant property) and Pulaski Street (Pulaski property) in Ware, Massachusetts. One of the properties had two three-bedroom units and two four-bedroom units while the other property had two two-bedroom units and two one-bedroom units. Each property had two decks. The Vigeant property was fully occupied in 2009, and there were some vacancies in 2010. The Pulaski property had some vacancies in both 2009 and 2010.

Petitioner performed work on the rental properties throughout the years in issue. She rented out the units, contacted and screened potential applicants, signed lease documents, engaged in cleaning and repairs, drove back and forth to the properties from home to pick up rental checks, interacted with the board of health to resolve a bedbug infestation, engaged in eviction procedures, and engaged in various other activities pertinent to overseeing and managing the rental properties. Petitioner personally oversaw all rental activities and management of the rental properties, and there is no indication that any other individual, apart from

incidental assistance from David Angelo Martarano, assisted in overseeing and managing the rental properties during the years in issue. Petitioners paid expenses operating and managing the rental properties in the years in issue.

Petitioner was working for Linear Technology in 2008 but was laid off at some point in 2009. Petitioner was unemployed for most of 2009 until she secured a position with H&R Block near the end of 2009.[2] Petitioner trained with H&R Block at the end of 2009 and then worked for them on a part-time and a full-time basis as needed for tax return preparation between January and April 2010.

Petitioner also secured a position with Tracker Systems (TS) in 2010. Petitioner was compensated by the employment agency Robert Half International (RHI) for her work at TS. That same year petitioner also performed tax and bookkeeping services for TS as an independent contractor and was compensated directly by TS. TS provided petitioner with a workspace, which included a desk and office supplies in an office setting.

In 2010 petitioner worked approximately 385 hours for H&R Block and approximately 162 hours for TS (compensated by RHI). On the basis of the record, we find that petitioner also performed 352 hours of services working for

[2]Petitioner testified that she was laid off from Linear Technologies in 2008; however, the Form W-2, Wage and Tax Statement, attached to the 2009 return reflects wages of $5,378 from Linear Technologies and $231 from H&R Block.

TS as an independent contractor. Thus, in 2010 petitioner worked a combined total of 899 hours for H&R Block, TS (through RHI), and TS as an independent contractor. Also, during the years in issue, petitioner was enrolled as a student at Worcester State College where she sought a degree in business administration.

Mr. Martarano was a sales account executive employed by OfficeMax throughout 2009 and for part of 2010 and then began working for W.B. Mason Co. for the remainder of that year.

On their 2009 and 2010 Federal income tax returns petitioners claimed a loss of $29,166 against nonpassive income and a loss of $39,129 against nonpassive income, respectively. Each of the losses related to claimed rental property expenses which exceeded rental income.

Petitioner reported earnings of $3,390 on her 2010 Schedule C for her tax return preparation and bookkeeping services, which presumably related to compensation she received from TS.[3] Petitioner also claimed vehicle expenses on her 2010 Schedule C related to her work as an independent contractor for TS. On Schedule A, Itemized Deductions, for 2010, petitioner claimed unreimbursed employee business expense deductions of $1,563 for vehicle expenses; $65 for

---

[3]Petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010, reporting income and expenses on Schedule C.

parking fees, tolls, and transportation expenses; and $920 for other business expenses.

Mr. Martarano claimed deductions for unreimbursed employee business expenses on the 2010 return, including vehicle expenses of $10,614;[4] parking fees, tolls, and transportation expenses of $260; and other business expenses of $1,781.

In a notice of deficiency respondent determined that portions of the claimed 2009 and 2010 loss deductions with respect to petitioner's real estate activities were subject to the passive loss limitations under section 469.[5] Respondent also disallowed petitioner's claimed vehicle expense deductions for her bookkeeping business for 2010.

With respect to petitioner's claimed unreimbursed employee business expense deductions, respondent allowed $986 for job search expenses and $802 for tax return preparation and bookkeeping expenses but disallowed the remaining unreimbursed employee business expense deductions. With respect to Mr. Martarano respondent allowed his claim for $7,620 in vehicle expenses, $148 for

---

[4]In the notice of deficiency respondent disallowed a portion of the claimed vehicle expense deduction for 2010 but later conceded that Mr. Martarano was entitled to the full amount claimed.

[5]Respondent allowed a portion of the claimed losses pursuant to sec. 469(i)(1) and (2) to the extent they were not phased out under sec. 469(i)(3).

tolls and parking fees, $80 for territory and maps, and $370 for sales-lead-related expenses but disallowed the remaining claimed unreimbursed employee business expense deductions.  Respondent also determined accuracy-related penalties under section 6662(a) for the years in issue.

## Discussion

### I.    Burden of Proof

As a preliminary matter, we consider petitioners' contention that the burden of proof has shifted to respondent pursuant to section 7491(a).  Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if:  (1) the taxpayer introduces credible evidence with respect to that issue; and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings.  Sec. 7491(a)(2); see also Rule 142(a)(2).  The taxpayer bears the burden of proving that the taxpayer has met the requirements of section 7491(a).  Rolfs v. Commissioner,

135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). With respect to the claimed real estate activities, petitioner did not produce credible evidence as to the factual issues surrounding the activity. Furthermore, with respect to the claimed Schedule C expense deductions and employee business expense deductions petitioners did not establish that they complied with the recordkeeping and substantiation requirements of the Internal Revenue Code. Accordingly, the burden of proof remains with petitioners. Sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

II.     Passive Activity Loss

Section 469(a) generally disallows for the taxable year any passive activity loss. A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1).

Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates. Sec. 469(c)(2). However, the rental activity of a taxpayer is not treated as per se passive if the taxpayer satisfies the requirements of section 469(c)(7)(B). Sec. 469(c)(7)(A)(i). A taxpayer meets the requirements of section 469(c)(7)(B) if he or she establishes the following:

(i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

(ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In the case of a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements. For purposes of the preceding sentence, activities in which a spouse materially participates shall be determined under subsection (h).

Rental Activity--2009

Petitioner claimed to have spent a total of 772 hours working on her rental properties in 2009. In support of her assertion, petitioner provided activity logs purporting to document the time she spent on her rental activities. Some of the activities included painting, cleaning apartments, shoveling snow, communicating with tenants on various issues, placing rental ads in the local newspaper, picking up mail, and paying bills. Although some log entries reference a specific apartment or property, many log activities do not specifically identify a particular rental unit. In addition, the number of hours noted on petitioner's logs appears to be significantly inflated. For example, in one instance petitioner claims to have spent 8 to 12 hours per day for 10 days staining the "deck and siding" of what

appears to be one apartment at the Pulaski property. The log also indicates that Mr. Martarano helped stain the deck and siding on those dates. In that instance, petitioners together spent between 160 to 240 hours staining the deck and siding of one apartment. There are several other instances in 2009 where petitioner claims to have spent many hours staining and painting decks and front porches of the rental properties. Petitioner's log for July 2009 indicates that she spent approximately 77 hours over an eight-day period to paint a back porch. Petitioner's log for November 2009 indicates that she spent more than 105 hours over a 12-day period on the flooring for one apartment and that on one specific day she worked 16 hours.

One of the apartments at the Vigeant property was fully occupied for the year in issue, while the other was not. The time petitioner alleges she engaged in traditional "rental activities", such as placing ads, meeting with prospective tenants, checking references, and cleaning and repairing the property, does not seem commensurate with the vacancy of the property units for that year. Petitioner asserts that throughout 2009 she met with prospective tenants, placed ads for the apartment rentals, and checked references for prospective tenants on some 45 occasions.

Although there is little doubt that petitioner did in fact perform significant work on the rental properties throughout 2009, the activity log hours do not appear to comport with reality; and, even if we assume she materially participated with respect to the properties, we do not conclude that she performed more than 750 hours of services with respect to the rental activities in 2009. The Court is not bound to accept unsupported testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, petitioner's 2009 real estate activities were passive activities.

Rental Activity--2010

For 2010 petitioner claimed she spent 781 hours working on her rental properties. Even if we were to conclude that petitioner in fact spent 781 hours working on her rental properties and materially participated with respect to those properties in 2010, it appears that she did not spend more than one-half of her personal services in real property trades or businesses as required under section 469(c)(7)(B)(i).

The record is significantly confused by petitioner's submission into evidence of two separate logs recording the hours that she purportedly worked for TS in addition to the submission of the document of her hours worked for the employment agency. These logs are somewhat duplicative but also inconsistent.

Petitioner acknowledged that there are redundancies in the logs. Petitioner failed to adequately explain the duplications and inconsistencies. One of the logs reflects 352 hours worked. According to petitioner's records it would appear that she worked 352 hours as an independent contractor for TS, 162 hours for TS (through RHI), and 385 hours for H&R Block, for a total of 899 hours. Petitioner asserts she worked 781 hours in the real estate activities. According to petitioner's calculations, more than one-half of her personal services were not performed in real property trades or businesses. Accordingly, petitioner's 2010 real estate activities were passive activities.

III.    Claimed Expense Deductions

A taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In other words, the taxpayer bears the burden of proving entitlement to the deductions he claimed, and this includes the burden of substantiation. Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

The fact that a taxpayer claims a deduction on an income tax return is not sufficient to substantiate it. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return

is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, 71 T.C. at 639; Roberts v. Commissioner, 62 T.C. at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), aff'd, 175 F.2d 500 (2d Cir. 1949).

Section 162(a) provides a deduction for certain business-related expenses. To qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Deputy v. du Pont, 308 U.S. 488, 495 (1940). An ordinary expense is "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. at 495. A necessary expense is appropriate and helpful in carrying on the trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Heineman v. Commissioner, 82 T.C. 538, 543 (1984). Under section 262, however, no portion of the cost of operating an automobile that is attributable to personal use is

deductible.  <u>Michaels v. Commissioner</u>, 53 T.C. 269, 275 (1969).  Similarly, ordinary commuting expenses are not deductible.  <u>Commissioner v. Flowers</u>, 326 U.S. at 472-473; <u>Neal v. Commissioner</u>, 681 F.2d 1157 (9th Cir. 1982), <u>aff'g</u> T.C. Memo. 1981-407.

<u>Petitioner's 2010 Schedule C Expense Deductions</u>

Petitioner presented a receipt for expenses paid to Hostgator, a Web site hosting service, for hosting her business Web site, an expense which respondent disallowed.  The receipt indicates that she paid Hostgator $119.40 to host her Web site in 2010.  We are satisfied that the receipt coupled with petitioner's testimony demonstrate that she maintained and paid for a host Web site for her business Web site.  Petitioner presented additional receipts for other business-related expenses, but the sum of the amounts provided did not exceed the $802 that respondent allowed in the notice of deficiency.  Therefore, respondent's disallowance is sustained.

Petitioner also claimed expense deductions for mileage for driving back and forth from her home to TS.  Notwithstanding whether this mileage would be disallowed as a commuting expense,[6] the mileage log that petitioner provided did

---

[6]Commuting is normally not a deductible expense.  <u>Commissioner v. Flowers</u>, 326 U.S. 465, 472-473 (1946).

not identify an expenditure relating to mileage to and from work.  See sec. 274(d).

The only other mileage logs introduced into evidence for petitioner related to her

real estate activity.  Therefore, respondent's disallowance of petitioner's claimed

Schedule C vehicle expense deduction is sustained.

### Unreimbursed Employee Business Expense Deductions

Section 162(a) allows a taxpayer to deduct expenses incurred in searching

for new employment within the same trade or business.  See Primuth v.

Commissioner, 54 T.C. 374, 378-379 (1970); see also Murata v. Commissioner,

T.C. Memo. 1996-321.  Petitioner failed to provide the Court with sufficient

information to conclude that she is entitled to a deduction for this item beyond

what respondent has already allowed.  Respondent's determination is sustained.

### Petitioner's 2010 Expenses

Petitioner claimed job search expenses and tax return preparation expenses

for her positions at H&R Block and TS.  Respondent allowed petitioner expenses

of $986 for job search expenses as well as $802 for tax return preparation

expenses.

Petitioner submitted a mileage log purported to be related to her job search.

This mileage log lists the mileage to certain locations, but it does not explain the

purpose of the visit or what type of interview, if any, she obtained during these

visits. In addition, it appears that she drove almost everyday with respect to her job search and sometimes to multiple locations in one day. It is unclear from the record how these trips advanced petitioner's job search in 2010.

Petitioner also testified that she incurred expenses for work at TS. It is unclear whether the claimed expenditures relate to petitioner's activity as an employee or to her self-employment activity. Petitioner was provided a workspace at TS as well as a desk and a chair, and there is no indication that she was not provided with the items necessary to complete her work at TS. The documentation that petitioner provided was confusing and misleading. Accordingly, petitioner is not entitled to additional deductions for job search or tax return preparation expenses in excess of those respondent allowed.

### Mr. Martarano's 2010 Expenses

Mr. Martarano claimed expense deductions for 2010 for certain unreimbursed employee business expenses. Many of the claimed expenses relate to cell phone expenses, car-related expenses, fax services, BuyerZone, maps, office supply equipment, and post office expenses, as well as expenses related to books Mr. Martarano purchased throughout 2010.

A log of the books that Mr. Matarano purchased in 2010 was made part of the record. It is unclear from this log how these books were ordinary and

necessary expenditures relating to Mr. Martarano's position with W.B. Mason or with OfficeMax. With respect to other claimed expenses respondent disallowed, Mr. Martarano did not testify at trial or otherwise explain how these expenses were ordinary and necessary to his position with W.B. Mason or with OfficeMax. Respondent's determination, to the extent not previously conceded, is sustained.

IV.   Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause

and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability.  Id.

The underpayments of tax required to be shown on petitioners' returns for 2009 and 2010 are attributable to negligence for their failure to keep adequate books and records or to substantiate their items properly.  The underpayment for 2009 is also the result of a substantial understatement of income tax because the understatement of $5,126 for 2009 exceeds $5,000, which is greater than 10% of the tax required to be shown on the return.[7]  See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs.  Respondent's burden of production has been satisfied.  See sec. 7491(c).  Accordingly, because respondent has met his burden of production, petitioners must come forward with persuasive evidence that the

---

[7]Petitioners reported tax due of $7,006 for 2009 and $5,498 for 2010.  Respondent determined a deficiency of $5,338 for 2010 and later conceded vehicle expenses of $2,994.  It is unclear whether respondent's concession of these remaining vehicle expenses for 2010 would affect the application of this section for purposes of sec. 6662(b)(2) and (d)(1).  In any event we conclude that the underpayment of tax was due to negligence.  See sec. 6662(b)(1).

accuracy-related penalties should not be imposed with respect to the underpayments because they acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioner provided numerous documents demonstrating her extensive involvement in the activities relating to the rental properties in the years in issue. Although petitioner claims she acted reasonably and in good faith with respect to her position that she was a real estate professional in the years in issue, we have concluded that petitioner's records are not accurate or reliable and likely inflated the hours she spent in real estate activities. We have also concluded that the logs relating to her activity as an employee and her self-employment were not accurate. Petitioner offered no other argument or evidence to show that there was reasonable cause for the deductions claimed and that she acted in good faith with respect to the underpayments. Respondent's determinations of accuracy-related penalties under section 6662(a) for 2009 and 2010 are sustained with respect to the portions of the underpayments resulting from the disallowed passive loss adjustments.

With respect to the remaining unreimbursed employee business expenses and the Schedule C business expenses, petitioners did not present sufficient evidence to substantiate their claims or provide explanation as to why they were unable to do so. The Court is unable to conclude that petitioners acted reasonably

and in good faith with respect to the claimed unreimbursed employee business expenses and the Schedule C business expenses. Accordingly, the Court sustains the imposition of the accuracy-related penalty with respect to the portion of the underpayment due to the disallowed unreimbursed employee business expense deductions and Schedule C deductions for 2010.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.